﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190501-18949
DATE: April 30, 2020

ORDER

The claim of entitlement to service connection for lumbar spine disability is dismissed.

The claim of entitlement to service connection for left leg disability is dismissed.

The claim of entitlement to service connection for left knee disability is dismissed.

The claim of entitlement to service connection for depression is dismissed.

The claim of entitlement to total disability rating based on individual unemployability (TDIU) is dismissed.

FINDING OF FACT

The Veteran’s attempt to elect Board review of his claims under the Veterans Appeals Improvement and Modernization Act was invalid.

CONCLUSIONS OF LAW

The Board lacks jurisdiction over the claims of entitlement to service connection for lumbar spine disability, for left leg disability, for left knee disability, for depression, and for entitlement to a TDIU. 38 U.S.C. §§ 7105, 7108; 38 C.F.R. §§ 20.201, 20.203 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran was a member of the Army Reserve who had a period of initial active duty training from October 1979 to January 1980. He then served on active duty with the U.S. Army from March 1982 to October 1985.

A March 2017 rating decision denied the Veteran’s claims for service connection for lumbar spine disability, for left leg disability, for left knee disability, and for depression. The Veteran filed a timely notice of disagreement in June 2017, contesting each denial.

The Appeals Modernization Act (AMA) created a new appellate framework for claimants dissatisfied with VA’s decision, applicable to decisions rendered after February 19, 2019. 

The RO invited the Veteran in July 2018 to participate in the Rapid Appeals Modernization Program (RAMP), VA’s test program concerning the AMA. Later that same month the Veteran submitted a timely request to participate in RAMP. See 38 C.F.R. §§ 19.2(d)(1), 3.2400(c)(1). His request was submitted on the proper form, and the Veteran elected the “higher-level” review option at the RO. 

Nevertheless, the RO mistakenly issued two statements of the case (SOC’s) under the Legacy appeals process in March 2019, regarding the Veteran’s multiple claims for service connection. Following issuance of the SOC’s, the Veteran submitted a notice of disagreement (NOD) on VA Form 10182 for the Board review option under AMA in May 2019.

Subsequently, the RO contacted the Veteran by telephone in May 2019 and explained that the Veteran’s RAMP request for the “higher-level” review (HLR) option was closed erroneously and that his claims had continued in the Legacy appeals process. The RO informed the Veteran that his RAMP request for the “higher-level” review option would be re-established. The RO then withdrew the Veteran’s multiple claims from the Legacy appeals process.

The RO completed its HLR decision as a supplemental decision based on discovery of pre-decisional error in May 2019. In a July 2019 rating decision, the RO granted service connection for depressive disorder and for left knee strain. Also, a duty-to-assist error was discovered; the RO corrected the error and continued processing the Veteran’s claims under the “supplemental claim” review option. In an October 2019 rating decision, the RO granted service connection for lumbar spine disability; denied service connection for left leg length discrepancy; and deferred entitlement to a TDIU.

Since issuances of these rating decisions, the Veteran never sought Board review at all. Further, only one option for review under AMA may be elected at one time; the attempted election, because dual, was invalid for that reason. See 38 C.F.R. § 3.2500 (a)(1). Because review under the “higher-level” review option was re-established, the request for Board review option in VA Form 10182 created a concurrent election, which is prohibited under AMA. See 38 C.F.R. § 3.2500(b). A claimant who has filed for review under one of the options available under AMA may not, while that review is pending final adjudication, file for review under a different available option. See 38 C.F.R. § 3.2500(b). The request for Board review option was prohibited, and an invalid addition to the previous request for the “higher-level” review option by the RO. Therefore, VA Form 10182 was invalid.

Moreover, although the May 2019 Form requesting Board review was timely as an opt-in to the AMA system under 38 C.F.R. § 3.2400, as it was filed within 60 days of the issuance of the SOCs, the remaining time allowed for perfecting the Legacy appeal, such is not effective. The SOCs were not validly issued, and therefore the downstream election that stemmed from it is not valid. In effect, when the RO notified the Veteran that the HLR election was being given effect, and the Veteran acceded to such to pursue his appeal, he withdrew his Evidence review election.

Accordingly, the Board does not have jurisdiction over the Veteran’s claims for entitlement to service connection for lumbar spine disability, for left leg disability, for left knee disability, for depression, and for entitlement to a TDIU. Each of these claims is dismissed.

This determination does not impact the Veteran’s right to pursue appeal of the recent RO decisions or to file a supplemental claim in connection with the issues.

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Mary C. Suffoletta

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.